IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| EDWARD MORALES,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CONTINENTAL FINANCE COMPANY LLC and FIRST BANK OF DELAWARE INC.,<br><br>　　　　　　　Defendants. | **REPORT AND RECOMMENDATION TO STAY PROCEEDINGS AND COMPEL ARBITRATION**<br><br>Case No. 1:09-CV-6 CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge David Nuffer |

　　　　Continental Finance Company's ("Continental") Motion to Stay the Proceedings and Compel Arbitration[1] is currently before the court. District Judge Clark Waddoups referred this case to the magistrate judge to conduct all proceedings necessary to prepare a report and recommendation on all dispositive issues.[2]

　　　　Continental moves to compel arbitration and stay proceedings, arguing that Plaintiff Morales contractually agreed to use arbitration to resolve any and all disputes related to his Continental MasterCard.[3] The magistrate judge recommends that the district judge grant the Motion to Stay the Proceedings and Compel Arbitration.

## BACKGROUND

　　　　On January 12, 2009, Morales filed a Complaint[4] alleging that Continental "refused to remove and/or correct"[5] inaccurate reporting to credit bureaus in violated the Fair Credit

---

[1] Motion to Compel Arbitration and Stay Proceedings, docket no. 12 and docket no. 13, filed April 16, 2009.
[2] Order Referring Case, docket no. 4, filed January 16, 2009.
[3] Memorandum in Support of Motion to Compel Arbitration and Stay Proceedings (Memorandum in Support) at 3, docket no. 14, filed April 16, 2009.
[4] Complaint, docket no. 3, filed January 13, 2009.
[5] Complaint at 2.

Reporting Act (FCRA). On April 16, 2009, Continental then filed its Motion to Stay the Proceedings and Compel Arbitration.

## SUMMARY OF ARGUMENTS

Continental's supporting memorandum argues that Plaintiff agreed to terms and conditions in the MasterCard Cardholder Agreement (Agreement), which states in Paragraph 18:

> UNLESS YOU EXERCISE YOUR RIGHT TO OPT-OUT OF ARBITRATION IN THE MANNER DESCRIBED BELOW, YOU AGREE THAT ANY DISPUTE WILL BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO HAVE A JURY TRIAL, TO ENGAGE IN DISCOVERY (EXCEPT AS MAY BE PROVIDED FOR IN THE ARBITRATION RULES), AND TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS OR IN ANY CONSOLIDATED ARBITRATION PROCEEDING OR AS A PRIVATE ATTORNEY GENERAL.[6]

Continental states that Morales did not opt-out of arbitration.[7] To opt-out of arbitration, Morales would have had to "advise [MasterCard Card Services] in writing … within thirty (30) days of the later of when [he] submit[ed] a completed application or when [MasterCard sent out the Agreement]."[8]

The terms and conditions also specify, in Paragraph 24: "We will report information about your Account to credit bureaus. Late payments, missed payments, or other defaults on your Account will be reflected in your credit report."[9]

Continental further argues that both Federal Courts and the State of Utah favor arbitration.[10]

In opposition to the motion, Morales argues that 1) "Plaintiff is not aware of any of (sic) agreement between Plaintiff and Defendants"[11], 2) Continental never made the MasterCard

---

[6] Memorandum in Support at 2 (quoting ¶ 18 of MasterCard Cardholder Agreement attached as Exhibit A Defendant's Memorandum in Support).
[7] Memorandum in Support at 2.
[8] MasterCard Cardholder Agreement ¶ 18.
[9] Memorandum in Support at 2 (quoting ¶ 24 of MasterCard Cardholder Agreement ).
[10] *Id.* at 3-4.

Cardholder Agreement available to Morales,[12] 3) "if [any] agreement had been made with Visa or Master Card, they are not Defendants in this complian (sic),"[13] and 4) Plaintiff has a right to trial by jury.[14]

In reply to Morales' opposition memorandum, Continental argues that Morales could not have obtained a credit card without agreeing to the terms and conditions of the MasterCard Cardholder Agreement.[15] Morales could not have completed the online credit card application unless he acknowledged, by manually clicking a checkbox, that he read, understood, agreed to and accepted the terms and conditions which contained the Agreement. Continental also made the terms available to Morales at the time he applied for the Continental MasterCard.[16] In addition to the opportunity to read the terms and conditions online, Morales also received a physical copy of the Agreement when he received the credit card.[17] This was within the time period in which Morales could have opted out of the arbitration provision.[18] Further, Continental states that through its license issued by MasterCard International Inc, Continental did in fact issue a credit card to and had a valid agreement with Morales.[19] Finally, because the agreement was validly formed, and Morales did not opt-out of the agreement to arbitrate all disputes.[20]

---

[11] Memorandun [sic] in Oppsition [sic] of Defendant's Motion to Compel Arbitration and Hearring [sic] (Memorandum in Opposition) at 1, docket no. 16, filed May 4, 2009. This memorandum was not filed by Morales originally, but only mailed to Continental, which provided it to the court. Reply Memorandum in Further Support of Motion to Compel Arbitration and Stay Proceedings (Reply Memorandum) at 1-2, docket no. 15, filed May 1, 2009.Morales later filed a copy with the court. Docket no. 16, filed May 4, 2009.
[12] *Id.*
[13] *Id.*
[14] *Id*.
[15] Reply Memorandum at 2.
[16] *Id.* at Exhibit 3.
[17] *Id.* at 4.
[18] MasterCard Cardholder Agreement ¶ 18 under "Right to Opt-Out."
[19] Reply Memorandum at 2-3.
[20] Memorandum in Support at 2.

Continental argues that Morales waived his right to trial by jury by agreeing to the terms and conditions[21] stated in the Agreement.[22]

## DISCUSSION

The Federal Arbitration Act (FAA) obligates federal courts to honor and enforce agreements to arbitrate.[23]  The FAA "establishes federal policy favoring rigorous enforcement of arbitration agreements, absent countervailing policy manifested in another federal statute."[24]  The FAA states that contracts containing arbitration provisions "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[25]  In this case, Morales has not advanced any grounds at law or equity for revocation of the arbitration clause.  The Agreement was validly formed; it was available and delivered to Morales; Continental is a party to the Agreement and entitled to use the form by virtue of its license; and a valid arbitration clause can effectively waive a right to jury trial on the issues in this case.

Further, the terms of the arbitration clause are reasonable.  By the Agreement, the party asserting the claim or demand may choose either to arbitrate with the American Arbitration Association ("AAA"), the National Arbitration Forum ("NAF") or a mutually agreed third party such as a retired judge[26]  Also, if Morales initiates an arbitration, he would have to pay only the first $50 of filing and other costs or fees and Continental would pay the balance of the fees.[27]

---

[21] *Id.* at 3.
[22] MasterCard Cardholder Agreement ¶ 24 under "Credit Reporting Information."
[23] 9 U.S.C.A. § 1 et seq.
[24] *Id.*
[25] 9 U.S.C.A. § 2.
[26] MasterCard Cardholder Agreement ¶ 18 under "How Arbitration Works.".
[27] MasterCard Cardholder Agreement ¶ 1810 under "What Arbitration Costs."

Further, the clause provides the arbitration would be held in the same city as the closest United States District Court to Plaintiff's current mailing address.[28]

The FAA provides that "[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement… ."[29]

## RECOMMENDATION

IT IS RECOMMENDED THAT the Motion to Compel Arbitration and Motion to Stay[30] be **GRANTED**.

## NOTICE TO PARTIES

Within 10 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections.[31]  A party may respond to another party's objections within 10 days after being served with a copy thereof.  The rules provide that the district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which

---

[28] MasterCard Cardholder Agreement ¶ 18 under "Location of Arbitration."
[29] 9 U.S.C.A. § 3.
[30] Motion to Compel Arbitration and Stay Proceedings, docket no. 12 and docket no. 13, filed April 16, 2009.
[30] Order Referring Case, docket no. 4, filed January 16, 2009.
[31] See 28 U.S.C. § 636(b)(1)(B).

specific written objection has been made in accordance with this rule. The district judge may accept, reject or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions.

Dated this 17th day of June, 2009.

BY THE COURT

_____
Magistrate Judge David Nuffer